ORIGINAL

FILED JUL 19 2004 U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DON WORLEY & COMPANY, LLC,

Plaintiff,

v.

No. 04-1187C

THE UNITED STATES,

Defendant.

## COMPLAINT FOR BREACH OF CONTRACT

TO THE UNITED STATES COURT OF FEDERAL CLAIMS, WASHINGTON, D.C.:

Plaintiff, Don Worley & Company, LLC ("Worley") files this complaint against the defendant, The United States ("U.S.") as follows:

### PARTIES

1. Worley is an Alabama Corporation authorized to do business in the State of Arkansas. Worley is in the business of general construction contracting.

2. The U.S. can be served with process by serving The Office of Counsel, Department of the Army, Memphis District Corps of Engineers, 167 N. Main Street, B-202, Memphis, Tennessee 38103-1894.

### JURISDICTION

3. This court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§601 et seq. Further, pursuant to 41 U.S.C. §605(c) of the CDA, the contracting officer failed to issue a final decision and/or notify Worley within 60 days of the date the

claim was submitted for a decision. A copy of the notice correspondence is attached as collective Exhibit A.

## FACTS

4. In September of 2002, Worley entered into a contract, no. DACW 66-02C-0023, with the U.S. to furnish labor, equipment, materials, and services in connection with the excavation of Blue Lake, Arkansas Outlet Ditches, Crittenden County, Arkansas (the "Project"). A copy of the agreement is attached as Exhibit B.

5. Pursuant to this agreement, Worley had a responsibility and duty for providing for, among other things, supplies, labor, equipment, goods and services necessary for the proper execution and completion of its agreement with the U.S.

6. Worley fully performed all of its obligations pursuant to the contract but the U.S. has failed and refused to perform its obligations in accordance with the written documents of the contract by not fully reimbursing Worley for its excavation work as the contract specifies. As a result of the U.S.'s failure to remit payment to Worley, Worley incurred damages on the Project in the amount of at least $711,450.

7. As a result of the U.S.'s failure to remit payment, Worley incurred attorneys' fees and expenses.

## COUNT 1
## BREACH OF CONTRACT

8. Worley realleges the allegations set forth in paragraphs 1 through 7 of this Complaint.

9. As heretofore plead, the U.S. first materially breached the terms of the contract between the parties, Worley's itemized claims are as follows:

(a) $1,305.00 for inappropriately charged liquidated damages, relating to two Sundays in April of 2003 and to Sunday, September 19, 2003. Despite the U.S. granting Worley time extensions for its excavation work, the U.S. has inappropriately charged Worley liquidated damages for the above mentioned days.

(b) $48,330.76 in uncompensated value engineering costs proposal savings (VECP).

(c) $303,451.95 for the original excavation dirt quantities that Worley performed pursuant to the contract. The contract requires the U.S. to pay Worley for excavation quantities resulting from a computation between the original existing ground surface, as determined by the original survey, and the theoretical slope lines and grade lines for the excavation required by the drawing. Although Worley has fully performed it obligations pursuant to the contract, the U.S. has failed to pay Worley for its excavation work pursuant to the contract.

(d) $34,524.48 for additional excavation work required for rock placement as authorized and accepted by the U.S.

(e) $2,042.75 for additional R-90 authorized and accepted by the U.S.

(f) $947.00 for additional filler material authorized and accepted by the U.S.

(g) $10,000.00 for mobilization and demobilization required in the spring of 2003 as a result of weather conditions.

(h) $16,576.00 for reimbursement of the payment and performance bond premium.

(I) $294,272.17 for excavation required to dispose of the excavated material.

10. Despite proper demand having been made by Worley upon the U.S. to cure the default, the U.S. continued to refuse to remit full payment pursuant to the contract and is indebted to Worley in the amount of at least $711,450.00 plus interest, court costs and attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Worley demands relief as follows:

1. Pursuant to Count 1 for a judgment against the U.S. for breach of contract in an amount to be determined at trial but not less than $711,450.00.

2. For a judgment for such other, further and general relief to which it may be entitled and to which the court shall deem to be just and equitable.

Respectfully submitted this 15th day of July, 2004

Michael I. Less TN BPR No. 8170
Less, Getz & Lipman
100 Peabody Place, Suite 1000
Memphis, TN 38103
(901) 525-8700 phone
(901) 525-3569 facsimile
Attorneys for Don Worley & Company, LLC

H:\DOCS\4806\pld mebd - complaint for breach of contract.wpd

Less, Getz & Lipman
A PROFESSIONAL LIMITED LIABILITY COMPANY
Attorneys at Law
100 Peabody Place ▪ Suite 1000
Memphis, Tennessee 38103
*Internet* www.lglaw.com

Michael I. Less
Joseph T. Getz[†]
Clifton M. Lipman
Ted M. Hayden[††]
Elizabeth B. Stengel
John D. Willet
Charles A. Ray, IV[†††]
M.E. Buck Dougherty, III

Of Counsel: Hon. John B. Getz

*Facsimile*
(901) 525-3569
*Telephone*
(901) 525-8700

[†]*Also licensed in Mississippi*
[††]*Also licensed in Kentucky*
[†††]*Also licensed in Alabama*

February 27, 2004

**VIA FACSIMILE AND HAND DELIVERY**

Mr. Wendell N. Norman
Contracting Officer
Corps of Engineers
167 North Main Street, Suite B-202
Memphis, Tennessee 38103-1894

**Re:** Contract No. DACW 66-02C-0023
Blue Lake, Arkansas, Outlet Ditches, Crittenden County, Arkansas,
Mississippi River Levees Project - Construction

Dear Mr. Norman:

As you know, the claim of my client on the above referenced project has been the subject of numerous discussions between my client and Corp personnel, of several face to face meetings between myself, my client, and Corp personnel at your offices, and of countless pieces of correspondence. Both parties have for many months now been fully apprized of the other side's claims and positions. The final, specific dollar amounts of my client's claims were the subject of letters to you and/or Mr. Briggs, dated November 21, 2003, December 5, 2003, and December 10, 2003. We believe those claim letters to be abundantly clear, and would dispute that our claim is fragmented, as alleged in your February 5 letter. Notwithstanding that fact, we are, for reasons that will be quickly clear, accepting your invitation to consolidate all claim items into one letter, and submit this letter for that purpose. However, we will not be submitting any additional supporting data or documentation for each claim item, as you requested, given the fact that all supporting data and documentation has been previously transmitted to the Corp on more than one occasion, and often times reviewed and explained in meetings.

Therefore, the following are the itemized elements of our claim:

1. $1,305.00 in inappropriately charged liquidated damages, relating to two Sundays in April and to Sunday, September 19. Although informed by the Corp in a meeting on Wednesday afternoon, November 19, 2003, that September 19 would not be

EXHIBIT
A

charged, and that consideration would be given to granting time extensions for the two days in April, Mr. Tudor's letter of January 9, 2004, refused to reverse the liquidated damages assessed for any of those days.

2. $48,330.76 in uncompensated value engineering cost proposal (VECP) savings. As stated in my letter of December 5, 2003, our calculations yield $141,597.50 being owed on the VECP that was the subject of intense discussion and disclosure, with a total of $38,054.16 having been paid by that date. Despite the fact that we were previously informed in the meeting on November 19 that the Corp was prepared to pay an additional $61,721.00, Mr. Tudor's letter reflects in paragraph 1 that only $55,212.58 was paid

3. $303,451.95 for original excavation dirt quantities previously billed but not paid by the Corp. This issue has been discussed and corresponded over ad nauseam with the Corp taking the final position that it is only required to pay my client the "contract quantity of excavation," which you represent equals 243,018 cubic yards. We, on the other hand, contend that the contract requires the Corp to pay for excavation quantities resulting from a computation between the original existing ground surface, as determined by the original survey, and the theoretical slope lines and grade lines for the excavation required by the drawings, which we believe equals 362,395 cubic yards, and the Corp has never contradicted that position. The difference between those two numbers, 119,377 cubic yards, multiplied by the contract price of $1.50 per cubic yard, results in a claim of $179,065.50. In addition, we are seeking an equitable adjustment in the unit price of all quantities over 115% of that compensated under the contract, due to the conditions under which the Corp required us to excavate the material. 115% of the compensated cubic yards equals 279,470 cubic yards, which when subtracted from our theoretical quantity of 362,395, equals 82,924.3 cubic yards. That figure, when multiplied by the additional $1.50 per cubic yard requested as the equitable adjustment, leads to a total of $124,386.45. Thus, that requested equitable adjustment in the excavation line item, when added to the previous claim for additional excavation, yields a total extra excavation claim of $303,451.95.

4. $34,524.48 for additional excavation required for rock placement. $12,462.24 for additional excavation of 8,308.16 cubic yards was billed on October 29, 2003. Mr. Tutor in his letter of January 9 has denied this claim. $12,462.24 for the same 8,308.16 cubic yards of excavation at an additional $1.50 per a cubic yard, over and above the base contract unit price, was requested as an equitable adjustment due to the unforeseeable conditions encountered in performing the excavation. Mr. Tutor denied any contractual obligation on the part of the Corp for this sum in his letter of January 9, 2004. In addition, 3,200 cubic yards of excavation for rock placement was billed on April 24, 2003, which was never paid by the Corp. This excavation, at the compiled contract and equitably adjusted unit price of $3.00 per

cubic yard, equals $9,600.00. Therefore, the total of these items for additional excavation for placement of rock equals $34,524.48.

5. $2,042.75 billed on October 29, 2003, for additional R-90. Of the total requested on the October 29 bill of $2,473.75, Mr. Tutor only approved payment of $431.00 for an additional 17.24 tons at the $25.00 per ton unit price.

6. $947.00 was billed on October 29, 2003, for additional filter material. Of the total requested on the October 29 bill of 2,148.50, Mr. Tutor only approved 48.06 tons at $25.00 per a ton, for a total of $1,201.50.

7. $10,000.00 was billed on October 29, 2003, as compensation to my client for the mobilization and demobilization required in the spring of 2003 by the weather conditions. Mr. Tutor in his letter of January 9, denied this claim.

8. $16,576.00 was billed on October 29, 2003, for reimbursement of the payment and performance bond premium. The Corp through Mr. Tutor's letter, has denied a contractual obligation to pay this sum.

Based on the foregoing, our "compiled" claim as previously submitted to the Corp, totaled $417,177.94, which, plus interest and attorney's fees, is owed on that claim.

However, we are now by this letter amending our claim as previously submitted to include an additional item. Due to the conditions under which the Corp required the project to be performed, my client experienced extreme difficulty in disposing of the excavated material in accordance with the contract requirements. In fact, the "soupy" nature of the excavated material made it impossible to dispose of the material in a constructed embankment as envisioned by section 3.4.2 of section 02542 of the contract specifications. Therefore, my client was required to excavate a trench within the project right of way of a capacity sufficient to hold all of the excavated material. Our calculations of actual quantities of excavated material between the station numbers on the drawings where the trench was excavated total 196,181.45 cubic yards as follows:

| | | | |
|---|---|---|---|
| 1. | STA 50+00 to 74+00 | = | 35,906.48 cubic yards |
| 2. | STA 74+00 to 200+00 | = | 132,727.02 cubic yards |
| 3. | STA 202+00 to 244+00 | = | 27,547.95 cubic yards |
| | | | 196,181.45 cubic yards |

At the $1.50 contract unit price for excavation, my client hereby requests that the Corp pay the additional sum of $294,272.17 for excavation required to dispose of the excavated material. For this reason, the claim submitted by my client on this date totals

$711,450.00, and we respectfully request that that sum, plus applicable interest and attorney's fees, be paid by the Corp.

Even though you stated in your letter of February 5, 2004, that you anticipated your final decision being issued by April 30, 2004, you did represent that the consolidation of our claim, as we have done in this letter, would help expedite that decision. Therefore, we look forward to its receipt prior to that date.

Sincerely,

Ted M. Hayden

cc: Don Worley & Company, LLC
Mr. Charles Briggs, Esquire

H:\DOCS\4806\ltr TMH - WNorman06.wpd

TRANSACTION REPORT

P. 01

FEB-27-04 FRI 03:14 PM

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|---|---|
| FEB-27 | 03:12 PM | 5443336 | 1'41" | 5 | SEND | OK | 188 | |

TOTAL : 1M 41S PAGES: 5


Michael I. Less
Joseph T. Getz[†]
Clifton M. Lipman
Ted M. Hayden[††]
Elizabeth B. Stengel
John D. Willet
Charles A. Ray, IV
M.E. Buck Dougherty, III

Of Counsel: Hon. John B. Getz

**Less, Getz & Lipman**

A PROFESSIONAL LIMITED LIABILITY COMPANY

Attorneys at Law

100 Peabody Place Suite 1000
Memphis, Tennessee 38103
*Internet* www.lgllaw.com

*Facsimile*
(901) 525-3569
*Telephone*
(901) 525-8700

*[†]Also Licensed in Mississippi*
*[††]Also Licensed in Kentucky*
*[†††]Also Licensed in Rhode Island and Massachusetts*


February 27, 2004

## *FAX COVER SHEET*

TO: Mr. Wendell N. Norman

FAX NO: 544-3336

COMPANY: U.S. Army Corps of Engineers

CLIENT NO: 4806

FROM: Ted M. Hayden, Esq.

NO. OF PAGES: 5, including cover page

TRANSACTION REPORT

P. 01

FEB-27-04 FRI 03:16 PM

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|---|---|
| FEB-27 | 03:14 PM | 5443336 | 1'41" | 5 | SEND | OK | 189 | |

TOTAL : 1M 41S PAGES: 5


Michael I. Less
Joseph T. Getz[†]
Clifton M. Lipman
Ted M. Hayden[††]
Elizabeth B. Stengel
John D. Willer
Charles A. Ray, IV
M.E. Buck Dougherty, III

Of Counsel: Hon. John B. Getz

**Less, Getz & Lipman**

A PROFESSIONAL LIMITED LIABILITY COMPANY
Attorneys at Law

100 Peabody Place Suite 1000
Memphis, Tennessee 38103
*Internet* www.lgllaw.com

*Facsimile*
(901) 525-3569
*Telephone*
(901) 525-8700

[†]Also Licensed in Mississippi
[††]Also Licensed in Kentucky
[†††]Also Licensed in Rhode Island and Massachusetts


February 27, 2004

# FAX COVER SHEET

TO: Charles Briggs, Esquire

FAX NO: 544-3336

COMPANY: U.S. Army Corps of Engineers

CLIENT NO: 4806

FROM: Ted M. Hayden, Esq.

NO. OF PAGES: 5, including cover page

# SOLICITATION, OFFER, AND AWARD
(Construction, Alteration, or Repair)

| 1. SOLICITATION NO. | 2. TYPE OF SOLICITATION | 3. DATE ISSUED | PAGE OF PAGES |
|---|---|---|---|
| DACW66-02-B-0017 | ☒ SEALED BID (IFB) ☐ NEGOTIATED (RFP) | 05/20/02 | |

IMPORTANT - The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. | 5. REQUISITION/PURCHASE REQUEST NO. | 6. PROJECT NO. |
|---|---|---|
| DACW66-02-C-0023 | W38XGR-2112-5338 | DACW66-02-B-0017 |

7. ISSUED BY CODE W38XGR

U S ARMY ENGINEER DISTRICT, MEMPHIS
CONTRACTING DIVISION (CEMVM-CT)
167 NORTH MAIN STRET B202
MEMPHIS, TN 38103-1894

8. ADDRESS OFFER TO

ADDRESS SAME AS BLOCK 7.
HAND DELIVERED BIDS RECEIVED IN ROOM 681, CLIFFORD DAVIS FEDERAL BUILDING, 167 NORTH MAIN STREET, MEMPHIS, TN

9. FOR INFORMATION CALL: ▶ A. NAME: SEE BIDDING SCHEDULE — B. TELEPHONE NO. (Include area code) (NO COLLECT CALLS)

## SOLICITATION

NOTE: In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS (Title, identifying no., date):

The work required is for Blue Lake, Arkansas, Outlet Ditches, Crittenden County, Arkansas, Mississippi River Levees Project - Construction. THIS AWARD IS BEING ISSUED PURSUANT TO THE SMALL BUSINESS COMPETITIVENESS DEMONSTRATION PROGRAM.
DESCRIPTION OF WORK: The work consists of clearing and disposal of debris therefrom; excavation and disposal of material therefrom; placement of filter material and riprap; watering, installation of 54" reinforced concrete culvert pipe (by jacking) and 54" RCCP flared end sections, installation of 8' W x 8' H, 8' W x 7'H, 8' W x 6' H, 7' W x 7' H, and 4' W x 3' H, precast concrete box culverts; placement of aggregate surfacing material; turfing; and environmental protection. The estimated value of the proposed work is between $1,000,000.00 and $5,000,000.00. This will be an unrestricted procurement. To qualify as a small business concern, in addition to being independently owned and operated, and not dominant in the field of operation in which it is bidding on government contracts, the concern must have had average annual sales receipts for the three preceding fiscal years not exceeding $28.5 million. The supplies or services to be procured are classified under NAICS 234990, and SIC 1629. Wage Determination No. AR020044 is located behind Section 00010.

11. The Contractor shall begin performance within 10 calendar days and complete it within 120 calendar days after receiving ☐ award, ☒ notice to proceed. This performance period is ☒ mandatory, ☐ negotiable. (See *Sec. 00800, Para. 1.1 .)

12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? (If "YES," indicate within how many calendar days after award in Item 12B.)
☒ YES ☐ NO

12B. CALENDAR DAYS: 10

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and 0 copies to perform the work required are due at the place specified in Item 8 by 1430 (hour) local time 06/20/02 (date). If this is a sealed bid solicitation, offers must be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B. An offer guarantee ☒ is, ☐ is not required.

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than 60 calendar days for Government acceptance after the date offers are due will not be considered and

EXHIBIT B

405 - 820 - 1664

14. NAME AND ADDRESS OF OFFEROR (Include ZIP Code)

Don Worley & Co LLC
405 Roosevelt Dr.
Andalusia, Al 36420

CAGE #: 14TZ4 DUNS #: 1180444553

CODE FACILITY CODE

15. TELEPHONE NO. (Include area code) 405.828.1664

16. REMITTANCE ADDRESS (Include only if different than item 14)

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within ____ calendar days after the date offers are due. (Insert any number equal to or greater than the minimum requireme

AMOUNTS

18. The offeror agrees to furnish any required performance and payment bonds.

20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print)

Don Worley owner member

20B. SIGNATURE

Don Worley

20C. OFFER DATE

6/20/02

**AWARD (To be completed by Government)**

21. ITEMS ACCEPTED:

Items 0001 thru 0018

22. AMOUNT

$1,577,666.06 (approximately)

23. ACCOUNTING AND APPROPRIATION DATA

96 NA X 3112.0000 B1 X 08 2411
011440 96401 3230 A00013 NA 63074H

24. SUBMIT INVOICES TO ADDRESS SHOWN IN (4 copies unless otherwise specified)

SEE SEC. 00800

ITEM

Par. 1.59
~~XXXX~~
Page 21

25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO

☐ 10 U.S.C. 2304(c) ( )

☐ 41 U.S.C. 253(c) ( )

26. ADMINISTERED BY CODE W38XGR

Department of the Army
Memphis District Corps of Engineers
167 North Main Street B-202
Memphis, Tennessee 38103-1894
POC: Robert H. Smith, Const. Mgmt. Sec.
901/544-0759

27. PAYMENT WILL BE MADE BY

USACE Finance Center
ATTN. CEFC-FP
5722 Integrity Dr.
Millington, TN 38054-5005

**CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE**

☐ 28. NEGOTIATED AGREEMENT (contractor is required to sign this document and return ____ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all work, requisitions identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract.

☒ 29. AWARD (Contractor is not required to sign this document.) Your offer on this solicitation, is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary.

30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN (Type or print)

31A. NAME OF CONTRACTING OFFICER (Type or print)

WENDELL N. NORMAN
Chief, Construction/A-E Contracts Branch

30B. SIGNATURE

30C. DATE

31B. UNITED STATES OF AMERICA

BY Wendell N. Norman

31C. AWARD DATE

1 AUG 02

STANDARD FORM 1442 BACK (REV. 4-85)