IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DON WORLEY & COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1187C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. §§ 601 et seq. and 41 U.S.C. § 605(c). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court of any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether defendant properly charged liquidated damages for two Sundays in April, 2003.

2. Whether plaintiff is entitled to $48,330.76 in uncompensated value engineering costs proposal savings.

3. Whether plaintiff is entitled to $303,451.95 for original excavation dirt quantities pursuant to the contract.

4. Whether plaintiff is entitled to $34,524.48 for additional excavation work required for rock placement, which plaintiff contends was authorized and accepted by defendant.

5. Whether plaintiff is entitled to $2,042.75 for additional R-90 "riprap" rock.

6. Whether plaintiff is entitled to $947 for additional filler, which plaintiff contends was authorized and accepted by defendant.

7. Whether plaintiff is entitled to $10,000 for mobilization and demobilization in the spring of 2003 as a result of weather conditions.

8. Whether plaintiff is entitled to $16,576 for reimbursement of the payment and performance bond premium.

9. Whether plaintiff is entitled to $294,272.17 for excavation, which plaintiff

contends was required to dispose of the excavated material.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. Plaintiff believes that after limited discovery, some form of alternative dispute resolution may be appropriate. Defendant does not, at this time, believe that ADR is appropriate.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. Plaintiff may request that trial take place in Memphis, Tennessee.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

Plaintiff intends to move for leave to amend the complaint to add counts for equitable adjustment for differing site conditions, lost profits, and breach of the implied covenant of good faith and fair dealing. Defendant intends to oppose leave to amend, because defendant contends that these claims were never submitted to the contracting officer for final decision, so therefore the Court would lack jurisdiction over the new counts.

Defendant may seek leave to amend its answer to include a counterclaim regarding two chutes that it contends were not constructed to contract specifications.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | January 7, 2005 |
| Close of Fact Discovery | May 16, 2005 |
| Plaintiff's Expert Report Due | May 16, 2005 |
| Defendant's Expert Report Due | June 15, 2005 |
| Deadline for Expert Depositions | July 15, 2005 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Michael I. Less
MICHAEL I. LESS
Less, Getz & Lipman
100 Peabody Place, Suite 1000
Memphis, TN 38103
Tele: (901) 525-8700
Fax: (901) 525-3569

Attorney for Plaintiff

/s Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

December 13, 2004

Attorneys for Defendant