# The United States Court of Federal Claims

**No: 04-1187 C**
September 26, 2006

**DON WORLEY & COMPANY, LLC,**

***Plaintiff*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

## ORDER STRIKING JOINT STATUS REPORT

In a December 22, 2005 order this court granted a motion by the attorney representing plaintiff to withdraw as counsel. In that order, the court noted that a corporate entity is not permitted to represent itself in this court without being represented by an attorney. *See* RCFC 83.1(c)(8). Plaintiff was instructed to obtain new counsel and respond to the court's order no later than Tuesday, January 17, 2006, or face dismissal under RCFC 41(b).

In compliance with that order, Mr. Worley attempted unsuccessfully to paper-file a response with the court on January 17, 2006. The next day, with the aid of an attorney (who did not enter an appearance on behalf of plaintiff), Mr. Worley faxed a letter to the court apprising it of the measures to which Don Worley & Co., LLC had gone to obtain new counsel.

Since all filing in this case must be done electronically, *see* Order of July 19, 2004, plaintiff's paper submissions were not filed. The court gave leave to plaintiff to file the January 18, 2006 letter from The Powell Law Firm, P.C. (on behalf of Don Worley & Co., LLC) and the attached "Motion for Extension of Time to Employ Counsel" signed by Mr. Worley on behalf of Don Worley & Co., LLC.

Plaintiff indicated that it was trying to find new counsel to represent it in this case. In response, the court stayed the case pending an appearance by an attorney of record on behalf of plaintiff consistent with this court's rules. The court stated, "if no attorney enters an appearance on behalf of plaintiff by Friday, May 12, 2006, defendant may thereafter file a motion to lift the stay and dismiss the case pursuant to RCFC 41(b)." *See* Order of February 6, 2006.

On July 10, 2006, The Hayden Law Firm, PLLC, in violation of the procedures for changing the counsel of record, entered a Notice of Appearance declaring itself counsel of record for the plaintiff. *See* RCFC 83.1© (a firm is not competent to be counsel of record and a "Notice of Appearance" is the incorrect method of changing the counsel of record). However, recognizing that plaintiff had obtained a potential attorney, the court, on August 8, 2006, ordered the parties to file a Joint Status Report by August 31, 2006. On September 5, 2006, and again on September 18, 2006, the parties were given extension until to September 14, 2006, and September 21, 2006, respectively, to file the Joint Status Report.

On September 13, 2006, Mr. Ted Hayden telephoned the court to request that the Notice of Appearance by his firm be ruled upon by the court. The court advised Mr. Hayden that it can not appoint him counsel of record until he files the appropriate papers per Rule 83.1©. On or about September 18, 2006, in violation of the court's July 19, 2004 Order and General Order No. 42A, the clerk of the court received via the mail a written affidavit of appointment from Mr. Hayden. On September 20, 2006, the court converted Mr. Hayden's written affidavit to PDF and emailed him a copy because Mr. Hayden stated he could not scan the affidavit into PDF format even though such capability is necessary to participate in the ECF program.

On September 21, 2006, the court received a Joint Status Report signed by both Defendant and Mr. Hayden. Because Mr. Hayden is still not counsel of record his electronic signature is not recognized by the court. *See* RCFC 83.1(c)(2). **As such, the Joint Status Report filed on September 21, 2006, is hereby STRICKEN**.

Plaintiff shall have its attorney **electronically** file a motion accompanied by and affidavit of appointment pursuant to RCFC 83.1(c)(4) and General Order 42A. Further, plaintiff's attorney shall ensure that he has the appropriate equipment and/or access to such equipment to comply with the rules of ECF. In addition, the court advises plaintiff's attorney to re-familiarize himself with the rules of the court to avoid any further unnecessary problems.

Accordingly, plaintiff is **ORDERED** to have a counsel of record appropriately appointed by **Friday, September 29, 2006**. The parties are **ORDERED** to re-submit the joint status report by **Friday, September 29, 2006** along with plaintiff's attorney's motion to become counsel of record. If no attorney enters an appearance on behalf of plaintiff by **September 29, 2006**, defendant may thereafter file a motion to lift the stay and dismiss the case pursuant to RCFC 41(b).

The clerk of the court is **ORDERED** to email a copy of this order to:
ted.hayden@thehaydenlawfirm.com

**IT IS SO ORDERED.**

Lawrence J. Block

Lawrence J. Block
Judge