IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DON WORLEY & COMPANY, LLC, | ) | |
| Plaintiff, | ) | No. 1: 04-cv-1187 |
| v. | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| Defendant | ) | |

# PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Comes now the Plaintiff Don Worley & Company, LLC ("Worley") and pursuant to United States Court of Federal Claims Rule 56(h)(1) states the following facts which are uncontroverted, and which are submitted in support of its Motion for Partial Summary Judgment:

1. Attached hereto as Exhibit A, and which is incorporated herein by reference are excepts from the Contract of the project at issue, executed by and between Worley and the United States Corps of Engineers ("Corps") (Affidavit of Plaintiff Don Worley, ¶3); Deposition of Wendell Norman, pp. 74-5, 80);

2. The dirt excavation estimate generated by the Corps and inserted in the Contract of 243,018 cubic yards was calculated by comparing the original contours on the project drawings with the theoretical design contours on the project drawings (Deposition of Donald Tudor pp. 73-4);

3. The progress payments made by the Corps to Worley during the performance of the project were based on the percentage of work completed multiplied by the theoretical excavation estimated of 243,018 cubic yards (Id. at pp. 73-4);

4. The Corps has taken the position that despite its original theoretical calculation, and despite its interim progress payments being based on the theoretical calculation, it at the end of the job, was only required to pay Worley for dirt excavation a dollar amount based on the difference between the original survey and the final actual, as-built survey which resulted in the Corps paying Worley only the actual quantities of dirt excavated (Id. at p. 104);

5. The Corps has not offered to pay either the theoretical excavation quantity or the actual excavation quantity actually performed by Worley as calculated by Corps employees (Id. at pp. 208-210);

6. The Corps takes the position that its contract provides if a contractor excavates beyond the theoretical lines on the project drawings, it is only entitled to be paid up to the theoretical lines, but if a contractor does not excavate up to the theoretical lines, it is only entitled to be paid for actual excavation (Deposition of Wendell Norman, pp. 110-115);

7. The payment provisions of the Contract at issue resulting in "even before excavation begins, a contractor should be able to determine the amount of paid excavation by taking his 'before construction survey' data and applying the ditch design data noted on the drawings… ." (Id. at pp. 142-143, Exhibit 28);

8. The Corps has in writing expressed the position that the final quantity used to determine payment for line item number 0004, "Excavation," under the Contract was computed between the ground surface, as determined by the before construction survey, and the theoretical slope lines and grade line as shown on the contract drawings. (Id. at p. 150, Exhibit 29);

9. It doesn't matter what the contractor actually excavated out in the field, whether it is more or less than the Corps' position that the 252,975 cubic yards between the original survey and the theoretical line on the drawings should be the final contract payment amount for that line

item, if the contractor can convince the Corps that its calculation of the difference between the original survey and the theoretical lines is different than 252,975 cubic yards, the contractor is entitled to be paid his theoretical number (Id. at p. 150).

Respectfully,

/S/

Ted M. Hayden TN BPR No. 10471
The Hayden Law Firm, PLLC
2198 Judicial Drive
Germantown, Tennessee 38138
(901) 737-6480 phone
(901) 737-6481 facsimile
Attorneys for Don Worley & Company, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2008, a copy of the foregoing document was filed electronically and transmitted, to:

Roger A. Hipp
Commercial Litigation Branch, Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

/S/

Ted M. Hayden