# United States Court of Federal Claims

July 29, 2008
No. 04-1187 C

**DON WORLEY & COMPANY, LLC,**

***Plaintiff*,**

**v.**

**UNITED STATES OF AMERICA,**

***Defendant*.**

**ORDER**

This order addresses plaintiff's motion for partial summary judgment filed on April 2, 2008. RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS ("RCFC") 56(a). This motion seeks to have judgment entered on paragraph 9(c) of the complaint, whereby plaintiff asserts that the government owes, but has failed to pay, $303,451.95 for ditch excavation that plaintiff had performed pursuant to a contract with the Army Corps of Engineers ("Corps"). (Complaint ¶ 9(c).)

Plaintiff 's theory of recovery allegedly is based on the contract's method to calculate ditch excavation. This method supposedly requires payment for the volume of material excavated computed by comparing the surveyed pre-excavation ground surface with the theoretical (*i.e.*, planned) slope lines and grade lines of the post-excavation plan. (*Id.*; P's Mem. Supp. Summ. J. 6–10.) Plaintiff also contends that the government has not even offered to pay for the actual quantity that plaintiff excavated, as allegedly calculated by three different Corps employees. (P's Mem. Supp. Summ. J. 7; P's Prop. Facts ¶ 5.)

According to plaintiff, rather than relying on the clear and unambiguous language of the contract's methodology, the Corps insisted that it would only pay plaintiff based on the actual measured quantity that it has excavated because plaintiff did not excavate up to the theoretical lines on the project drawings. (P's Mem. Supp. Summ. J. 7–8; P's Prop. Facts ¶ 6.) Plaintiff further maintains that the government stipulated to use the contract's calculation method but had failed to file this stipulation with the court. (P's Mem. Supp. Summ. J. 9–10; Aff. of Don Worley Ex. B.)

The government, rather than formally responding to plaintiff's motion pursuant to RCFC 56(h)(2), instead stipulated on June 23, 2008, to plaintiff's contract interpretation on the method of determining the excavation volume and on the basis on which plaintiff was to be paid. (Stipulation 1–2.) The government did not submit any alternative calculations nor dispute the amount of plaintiff's excavations, or otherwise indicate in a filing before this Court that it disputes plaintiff's position as set forth in plaintiff's Motion for Partial Summary Judgment, this despite the fact that the government had asked the Court for an enlargement of time to file its reply. (D's Mot. for Extension of Time until 06/23/2008 to File Resp. or Rep. to P's Mot. for Part. Summ. J.)

To be sure, the government has not identified any issue of fact, let alone a genuine issue of material fact, nor has the government showed that plaintiff is not entitled to partial judgment as a matter of law. *See* RCFC 56(c) & (h)(2). Accordingly, the Court finds it appropriate to grant summary judgment on the claim averred in paragraph 9(c) of the complaint. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987).

Plaintiff's motion is **GRANTED**. The Clerk of the Court **SHALL ENTER** partial judgment on paragraph 9(c) of the complaint.

s/Lawrence J. Block
Lawrence J. Block
Judge