IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DON WORLEY & COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1187C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant, the United States, respectfully requests that the Court reconsider and vacate its order dated July 29, 2008, that granted partial summary judgment to plaintiff, Don Worley & Company, LLC ("Worley"). Worley's motion for partial summary judgment should have been denied as moot because the sole issue presented by the motion was an issue of contract interpretation that has been resolved by stipulation. In the alternative, the Court should not have entered judgment upon the issues of liability and damages, for the independent reason that Worley did not present supporting evidence concerning those issues.

## STATEMENT OF FACTS

Worley's motion for partial summary judgment raised a narrow question of contract interpretation. At the time Worley filed its motion, the parties disputed whether the contract at issue provided for payment based upon what the parties referred to as "theoretical" or "actual" quantity. Pl. Mot. at 1-2. The parties used the term "theoretical" quantity to refer to the volume of a theoretical ditch, the boundaries of which are the original ground surface as determined by the pre-excavation ground survey and the theoretical slope and grade lines of the design, as indicated on the contract drawings. The parties used the term "actual" quantity to refer to the

quantity of material actually excavated by Worley, as determined by comparing the pre-excavation ground survey and the post-excavation ground survey.

Initially, the Government took the position that if it could prove that the actual quantity excavated was less than the theoretical quantity, then Worley would be entitled to payment for only the actual quantity. Worley took the position that it was entitled to be paid based upon the theoretical quantity, even if the theoretical quantity exceeded the actual quantity.

The Government subsequently adopted Worley's interpretation of the contract. While Worley's motion for partial summary judgment was pending, we advised the Court in motions for enlargements of time dated June 10, 2008, and June 19, 2008, that counsel for the parties had "discussed a stipulation that would resolve the issue in question without the need for further briefing or involvement by the Court." In those motions, we requested additional time so that the Attorney General's authorized representative could approve the proposed stipulation. Approval was granted, and we filed the stipulation with the signatures of defendant's counsel on June 23, 2008. Worley filed the stipulation with the signature of plaintiff's counsel on the following day.

As we discuss below, we construed Worley's motion for partial summary judgment as being limited to the question of contract interpretation that was resolved by the stipulation. Accordingly, we did not file a separate response to the motion. In hindsight, the better practice would have been to file a separate response advising the Court that the motion had been resolved and could be dismissed as moot. We apologize for not having done so.

Nonetheless, the Court's order granting summary judgment to plaintiff upon Count 9(c) of the complaint in the amount of $301,451.95 is not supported by Worley's motion for partial summary judgment, even though the Government did not file a separate response. In its motion,

Worley did not seek, let alone establish that it was entitled to, summary judgment upon the issues of liability and damages. Those issues are contested and remain for trial. Therefore, the Court should vacate its order granting partial summary judgment to Worley.

## ARGUMENT

### I. Worley's Motion For Partial Summary Judgment Did Not Seek Relief Other Than An Interpretation Of The Contract

Worley's motion, memorandum in support, proposed findings of uncontroverted fact ("PPFUF"), and supporting affidavit were all focused upon the contract interpretation question. Except for a few references to the complaint, Worley did not discuss the issues of liability or damages in its partial summary judgment papers. Even more critically, Worley did not submit any evidence of liability or damages that could have supported a motion for summary judgment upon those issues.

Worley's motion for partial summary judgment did not seek any specific relief, let alone a specific amount of damages. The entire text of the motion itself is as follows:

> Comes now the Plaintiff Don Worley & Company, LLC ("Worley") and files this Motion for Partial Summary Judgment pursuant to United States Court of Federal Claims Rule 56(a). In support of this Motion, Worley states that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law that it is entitled to be paid for dirt excavation under the contract at issue based on the difference between the original survey and the theoretical contours on the project drawings.
>
> For this reason, which is supported by Plaintiff's Rule 56(h)(1) Proposed Findings of Uncontroverted Facts and by the Memorandum in Support filed contemporaneously herewith, Worley requests that this Court grant its Motion for Partial Summary Judgment.

Pl. Mot. at 1.

Although the motion itself sought no specific relief, Worley clarified in its memorandum in support that it was seeking judgment upon a question of contract interpretation concerning the payment quantity. The conclusion section of the memorandum, Pl. Br. at 10, focuses solely upon that question. The final sentence of the conclusion specifies the relief sought: "For all these reasons, the Motion for Partial Summary Judgment must be granted and Partial Summary Judgment should be entered recognizing the requirement of the Contract that Worley be paid under line item 0004, 'Excavation,' in the Contract, for the dirt excavation quantity in an amount calculated by the original survey contours with the theoretical contours on the project drawings." Id. The Government fully responded to that request for relief by entering into the stipulation.

In its memorandum in support, Worley did not purport to be seeking a judgment upon the issues of liability (i.e., the issue of whether the Government has paid less than the theoretical quantity) or the amount of damages (if any). In the section of the memorandum titled "Introduction And Factual Background," Worley noted its contention that, based upon its calculation of the theoretical quantity, "the sum of at least $303,451.95 is owed." Pl. Br. at 2. Worley did not, however, provide its calculations of the theoretical quantity, which would have been essential to establishing liability. In fact, to date Worley has not finalized its calculation of the theoretical quantity,[1] which is why Worley stated in the motion that it is seeking "at least $303,451.95," rather than a specific amount. Worley was clearly reserving the right to prove damages in a different amount at trial.

---

[1] In a status report dated September 24, 2007, the parties advised the Court that discovery was substantially complete, with the exception of the issue of the quantity of excavated material. The parties noted that they would try to reach an agreement upon that issue, and in the absence of an agreement, would need to take expert depositions. Id. The parties have continued their efforts to resolve that issue, but have not yet reached an agreement or taken expert depositions.

Similarly, Worley's proposed findings of uncontroverted fact are insufficient to establish liability or damages. Worley's proposed findings identified the contract interpretation issue (PPFUF Nos. 4, 6, 7, and 8), then concluded with what was really a proposed finding of law, not fact:

> It doesn't matter what the contractor actually excavated out in the field, whether it is more or less than the Corps' position that the 252,975 cubic yards between the original survey and the theoretical line on the drawings should be the final contract payment amount for that line item, if the contractor can convince the Corps that its calculation of the difference between the original survey and the theoretical lines is different than 252,975 cubic yards, the contractor is entitled to be paid his theoretical number.

PPFUF No. 9 (emphasis added, citation omitted). In other words, Worley acknowledged its right to payment is contingent upon "convinc[ing] the Corps that its calculation" of the theoretical quantity is erroneous. Worley did not submit a proposed finding that the Corps's preliminary calculation of the theoretical quantity (252,975 cubic yards) is erroneous, because Worley knows that to be a controverted issue. Nor did Worley submit a proposed finding concerning Worley's own calculation of the theoretical quantity, because Worley has not yet finalized its calculations. Finally, Worley did not submit any findings concerning the amount of damages it is owed, if any, for the theoretical quantity.[2] Because Worley did not propose any findings concerning liability or damages, Worley's proposed findings of uncontroverted fact are an insufficient basis for summary judgment upon those issues.

---

[2] The correct damages formula would have been: the theoretical quantity multiplied by the contract price for excavation ($1.50 per cubic yard), less amounts already paid. Neither the theoretical quantity nor the claimed unpaid amount is identified in Worley's summary judgment papers.

The remaining document that Worley submitted with its motion, an affidavit from its principal, Mr. Don Worley, likewise does not address liability or damages. In his affidavit, Mr. Worley referred to his interpretation of the contract (¶ 4) and a prior draft of the stipulation (¶ 5)[3]. He did not make any declaration concerning liability or the amount of damages.

Worley's motion for partial summary judgment and supporting papers, even if broadly construed, did not seek judgment upon the issues of liability or damages. Instead, they sought judgment upon a question of contract interpretation that has been resolved by stipulation. Therefore, the Court should vacate its order granting partial summary judgment.

## II. Worley Failed To Provide Evidence Or Establish The Absence Of A Genuine Issue Of Material Fact Concerning The Issues Of Liability And Damages

In the alternative, even assuming for the sake of argument that Worley's motion could be construed as seeking judgment upon the issues of liability and damages, the motion should not have been granted. Worley's motion and supporting papers did not provide supporting evidence or establish the absence of a genuine issue of material fact concerning liability or damages. Therefore, summary judgment upon those issues is not justified. Even an uncontested motion for summary judgment should be denied where, as here, the moving party has not submitted any supporting evidence and/or issues of material fact are apparent from the submitted papers.

The rule that a party seeking summary judgment must establish the absence of a genuine issue of material fact, even if the motion is unopposed, is well-established. For example, in

[3] Mr. Worley's affidavit is inaccurate insofar as it states that the parties agreed to the draft stipulation that was attached to his affidavit. The draft attached to Mr. Worley's affidavit is an early draft that was neither executed nor filed.

United States v. One Piece of Real Property Located At 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the United States Court of Appeals for the Eleventh Circuit reversed a judgment in favor of the moving party, even though the summary judgment motion had not been opposed. In that case, the Government brought a civil forfeiture action to seize a house that had allegedly been used by its owner to facilitate a drug crime. Id. at 1100. The owner of the house did not respond to the Government's motion for summary judgment. Id. at 1101. The district court granted the motion. Id.

The Court of Appeals for the Eleventh Circuit emphasized in that case that a trial court, when reviewing an unopposed motion for summary judgment, must still "ensure that the motion itself is supported by evidentiary materials" and must, "at a minimum, review all of the evidentiary materials submitted in support of the motion." Id. at 1101-02 (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) and Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir.1989)). The court of appeals found that the trial court had erred by failing to determine whether the Government's evidentiary submissions included inadmissible evidence that had been obtained illegally. Id. at 1102-03. Because this genuine issue of material fact was apparent from the Government's summary judgment submissions, the court of appeals reversed the judgment and remanded the case to the district court. Id. at 1103.

The United States Court of Appeals for the Second Circuit applied the same rule in Vermont Teddy Bear, Inc. v. 1-800-Beargam Co., 373 F.3d 241 (2d Cir. 2004). In that case, the plaintiff filed an unopposed motion for summary judgment, which was granted by the district court. Id. at 243. The court of appeals held that if the evidence submitted in support of the motion does not meet the movant's burden of production, then "'summary judgment must be

denied even if no opposing evidentiary matter is presented.'" Id. at 244 (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)) (emphasis original). The court of appeals reviewed the evidence submitted in Vermont Teddy Bear and found no evidence that supported the movant's claim for relief. Id. at 245. Accordingly, the court of appeals vacated the order granting summary judgment and remanded the case to the district court. Id. at 247. See also Martinez v. Stanford, 323 F.3d 1178, 1194-85 (9th Cir. 2003) (reversing district court order that granted unopposed summary judgment motion); and Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 452-53 (1st Cir. 1992) (same).

The evidentiary materials that Worley submitted with its summary judgment motion did not address, let alone establish: (1) the theoretical quantity as calculated by Worley; (2) the total amount that Worley contends that the Government should have paid for the theoretical quantity; or (3) the amount that Worley contends that the Government has paid to date for excavation. In the absence of such evidence, Worley was not entitled to summary judgment upon the issues of liability or damages.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court reconsider and vacate its order granting partial summary judgment in favor of Worley.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

August 12, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 12, 2008, a copy of the foregoing "Defendant's Motion For Reconsideration" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp