IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DON WORLEY & COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1187C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Defendant, the United States, respectfully submits this reply in support of its motion for reconsideration of the Court's order dated July 29, 2008. In our initial brief, we established that Worley's motion for partial summary judgment, though the motion itself did not specify the relief it was seeking, could only be construed as a motion for judgment upon a narrow question of contract interpretation. We also demonstrated that the Government fully responded to Worley's motion by entering into a stipulation concerning the interpretation of the contract. In the alternative, we established that even if Worley's motion could be construed as a motion for judgment upon the merits of the claim, Worley did not submit any proposed findings of fact or supporting evidence that would have justified judgment in Worley's favor.

Our primary argument, that Worley did not seek judgment upon the merits in its motion, is not refuted by Worley's opposition. The only portion of Worley's summary judgment papers that describes the relief sought is the concluding sentence of the brief in support: "For all these reasons, the Motion for Partial Summary Judgment must be granted and Partial Summary Judgment should be entered recognizing the requirement of the Contract that Worley be paid under line item 0004, 'Excavation,' in the Contract, for the dirt excavation quantity in an amount

calculated by the original survey contours with the theoretical contours on the project drawings." Pl. Summary Judgment Br. at 10. All that Worley was asking for, then, was for the Court to "recogniz[e] the requirement of the Contract" that Worley be paid based upon the theoretical excavation quantity. By stipulating that Worley should be paid based upon the theoretical excavation quantity, the Government made the request for partial summary judgment moot.

Whether the Government owes Worley additional money pursuant to the stipulated interpretation of the contract, and, if so, in what amount, are contested issues that Worley's motion simply did not address. Other than reciting the complaint's prayer for "at least $303,451.95" in connection with the excavation claim – a recitation that neither sought nor proved entitlement to judgment in that amount – Worley's summary judgment papers did not address the issues of liability or damages. In its opposition to our motion for reconsideration, Worley has not pointed to any supporting evidence, or even a proposed finding of fact, that, if accepted as true, would have established the Government's liability or the amount of damages.

Worley's efforts to distinguish the cases cited in our initial brief are likewise unavailing. Worley attempts to limit the holdings of these cases to the proposition that a motion for summary judgment should not be granted <u>merely</u> because it is unopposed. Pl. Br. at 4-5. Worley then attempts to distinguish these cases by contending that here the Court "reviewed the Motion for Partial Summary Judgment and substantively ruled on the issues contained therein." Pl. Br. At 5. In fact, however, the Court's order granting partial summary judgment does not refer to Worley's proposed findings of fact or evidentiary materials. Instead, the Court seems to have relied primarily upon the fact that the Government "did not submit any alternative calculations nor dispute the amount of plaintiff's excavations, or otherwise indicate in a filing before this Court

that it disputes plaintiff's position as set forth in plaintiff's Motion for Partial Summary Judgment."[1] Order at 2. Accordingly, it appears that the Court relied primarily upon the fact that the Government did not submit a response to the motion, other than the stipulation. Therefore, the cases cited in our brief are on point: even an unopposed motion for summary judgment should not be granted where, as here, the plaintiff has not supported its motion with evidence of liability and damages.

Worley concludes its brief with a lengthy quote from Guarino v. Brookfield Township Trustees, 980 F.2d 399 (6th Cir. 1992). In that case, the defendants filed a motion for summary judgment, which the plaintiffs did not oppose. Id. at 403. The district court's opinion is not reported, but the court of appeals described it as follows: "In its Opinion, the court viewed the facts in the light most favorable to the non-moving party, but determined that the defendants had met their burden of demonstrating the absence of any genuine issue of material fact for trial on every one of the theories advanced by the plaintiffs in their pleadings. With that factual examination and those legal determinations, the court entered judgment for the defense . . . ." Id.

Upon appeal in Guarino, the plaintiffs contended that the district court should have examined the defendants' evidentiary materials in more detail. Id. Had the district court done so, the plaintiffs contended, the district court would have detected inconsistencies in the evidence that should have precluded summary judgment. Id. Critically, the plaintiffs conceded at oral argument that portions of the defendants' evidence would have been sufficient to support

---

[1] The Government was not obligated to submit calculations of the theoretical quantity or the unpaid amount, because Worley did not submit any such calculations in connection with its motion. As the moving party, it was Worley's obligation to establish the absence of a genuine issue of material fact and that it was entitled to judgment as a matter of law. RCFC 56(c).

summary judgment, if the inconsistencies in other portions of the evidence were not considered. Id.

Here, unlike Guarino, Worley submitted no evidence upon the issues of liability or damages. We are not contending, as did the plaintiffs in Guarino, that the Court had an obligation to evaluate inconsistencies in Worley's evidence to determine whether genuine issues of material fact existed. Instead, we are contending that even if Worley's motion could be construed as seeking judgment upon the issues of liability and damages, then the motion must fail in the absence of any evidence upon those issues.

Nor is the warning in Guarino that a party should not be entitled to benefit from "declining (or 'forgetting' or being 'too busy') to respond to a motion for summary judgment, secure in the knowledge that the district court would be required to excavate all of the of the presented record" applicable here. Id. at 405. The Government did not decline or forget to respond to Worley's motion. Instead, we advised the Court in motions for enlargements of time dated June 10, 2008, and June 19, 2008, that we intended to file "a stipulation that would resolve the issue in question without the need for further briefing or involvement by the Court." The stipulation, which fully addressed the narrow issued raised by Worley's motion, was our response to the motion.

## CONCLUSION

For the foregoing reasons and the reasons stated in our initial brief, we respectfully request that the Court reconsider and vacate its order granting partial summary judgment in favor of Worley.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

September 8, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 8, 2008, a copy of the foregoing "Defendant's Reply In Support Of Its Motion For Reconsideration" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp